EDWARD L. PARKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41873.   Promulgated February 28, 1930.

*W. W. Booth, Esq.*, and *W. A. Seifert, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

172

## OPINION.

MURDOCK: The Supreme Court has held in *Heiner* v. *Tindle*, 276 U. S. 582, affirming the Circuit Court of Appeals for the Third Circuit, 18 Fed. (2d) 452, that where property originally acquired for residential purposes is subsequently devoted exclusively to the production of taxable income, a transaction is entered into for profit at the date of the change in use from which a loss, deductible under section 214 (a) (5), may result. Such a situation is presented in the present case, and following *Heiner* v. *Tindle*, *supra*, we hold that this petitioner is entitled to deduct the amount of his loss. See also *Joseph F. Cullman, Jr.*, 16 B. T. A. 991; *W. B. Brooks*, 12 B. T. A. 31; affd., 35 Fed. (2d) 178; *Larkin* v. *Gage*, 28 Fed. (2d) 78; *Mandel* v. *Blair*, 26 Fed. (2d) 1019.

The next question is to determine whether or not from the evidence the amount of the petitioner's loss can be computed. In *Joseph F. Cullman, Jr.*, *supra*, we held that adjustments to both the established cost and the value at the time the property was rented should be made for depreciation and the net sale price deducted from the smaller of the two amounts to ascertain the deductible loss sustained. Following that case, it is apparent that as the value of the property in the present case on May 1, 1925, was the same as cost in 1919, the adjustments for depreciation will be the same, no matter which figure is taken. The cost of the property to the petitioner should, therefore, be reduced by adjustments for depreciation in accordance with our decisions in the *Cullman* and *Brooks* cases, *supra*. The petitioner has not introduced sufficient evidence in this case to enable us to make these adjustments accurately, but we will allow him such relief as the evidence justifies, and to this end we have held that of the total cost of the property, $50,000 should be allocated to the cost of the buildings, and $20,000 to the cost of furnishings, because we are satisfied that no greater amounts should be allocated to either. We have not been told whether the $1,395 spent in 1923 was spent for improvements to the land, to the buildings or to the furnishings. For the purpose of computing the loss, we hold that the $1,395 was spent for furnishings, as this will benefit the petitioner the least. The loss may be thus computed and deducted from the petitioner's income as we are satisfied that he is entitled to deduct at least this amount and might have been entitled to deduct a greater amount if he had more adequately proved facts which it was his burden to prove.

*Judgment will be entered under Rule 50.*