EDWIN VOSBURGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25401. Promulgated June 18, 1931.

*Alfred D. Dennison, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

Arundell: The respondent concedes that, under *Tindle* v. *Heiner*, 276 U. S. 582, petitioner as a matter of law is entitled to a loss deduction if the evidence establishes the fact. Petitioner contends for a valuation of the property as of December 31, 1921, of $19,000, while the respondent claims that the value as of that date was not to exceed $9,000, the price for which the property was sold. Qualified real estate men were called by both parties, several by the petitioner, and one by the respondent. Those called by the petitioner set a value of $19,000, and the respondent's witness was as emphatic that $9,000 was the proper figure.

There can be no doubt that the neighborhood where this property was located was being so changed by the invasion of business and industry that the value of homes located there was rapidly receding. Petitioner's witnesses were apparently of the opinion that the industrial invasion had not progressed to such an extent in December, 1921, as to seriously reduce the values, while the respondent's witness was of the opinion that the handwriting was already on the wall and a market existed for the property only at a very much lower figure than had theretofore prevailed.

A year and a month elapsed between the date petitioner abandoned the property as a home and the date of sale. The property, though listed for sale in 1922 at $18,000, found no buyers; it was rented at from $50 to $60 per month. While that was said to be a low rental, $80 per month was the highest figure testified to as a proper rental. This capitalized at the rate of 12 per cent, said to be a proper return on real estate in Johnstown, would not have warranted a value even equal to that fixed by the respondent, and at which the property in fact was sold. But it is said that the sale price of the property was low. This may be true to some extent, but at the same time we are firmly impressed with the fact that petitioner's witnesses were entirely too optimistic in their statements of values as of December 31, 1921, and the fact that they could find no one interested to buy at the price fixed at $18,000, coupled with the fact that the property was finally sold for $9,000, rather clearly shows such to be the case. On the other hand, we are impressed with the fact that the property was continuing to slide in value during this period, and that as of December 31, 1921, the fair market price was more than it was 13 months later when sold. Taking into consideration the entire testimony, and without making further comments thereon, we have reached the conclusion that the fair market value of the premises as of December 31, 1921, was $13,000. This figure is less than cost or March 1, 1913, value plus subsequent

expenditures, and therefore the proper basis to be used in the circumstances. A rate of depreciation of 3 per cent should be used in determining the amount of petitioner's loss.

*Decision will be entered under Rule 50.*