Frank P. Wolff v. Commissioner.
Wolff v. Commissioner
Docket No. 6677.
United States Tax Court
1945 Tax Ct. Memo LEXIS 20; 4 T.C.M. (CCH) 1081; T.C.M. (RIA) 45359; December 6, 1945
*20 In 1926 taxpayer purchased property which he occupied as a home until 1937. Thereafter taxpayer devoted the property to rental uses until 1941, when it was sold at a loss. Held, the improvements on the land did not constitute a capital asset within the definition of section 117 (a) (1) of the Internal Revenue Code and that portion of the loss allocable thereto is deductible in full as an ordinary loss. John W. Giesecke, Esq., for the petitioner. Loyal E. Keir, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined *21 a deficiency of $1,782.26 in the income tax of Frank P. Wolff for the year 1941. The sole issue is whether a loss on the sale of income-producing property which had formerly been occupied as a home by the petitioner is deductible in full or only to the extent of 50 per cent thereof. Findings of Fact Most of the facts were stipulated. The following is a summary of the stipulated facts, together with additional facts otherwise adduced from the record. The petitioner is an individual residing in St. Louis, Missouri. The return for the year in controversy was prepared on the cash basis and filed with the collector of internal revenue for the first district of Missouri. The petitioner has resided in St. Louis since April 20, 1937, where he has been and still is employed full time as an executive of a department store in that city. For about five years prior to 1937 he was employed full time as an executive in a department store in Philadelphia, Pennsylvania. On June 30, 1926, the petitioner purchased certain improved real estate located in Elkins Park. Montgomery County, Pennsylvania, a suburb of Philadelphia. The real estate consisted of a parcel of land having a frontage of *22 60 feet and a depth of 120 feet, and a two-story, one-family residence of stucco-over-stone construction, with eight rooms, three baths, a rathskeller, and a two-car garage. The cost of the real estate to the petitioner was $25,000, allocated on the basis of $5,000 for the land and $20,000 for the improvements. The petitioner and his family occupied the property as a personal residence continuously from June 30, 1926 until April 15, 1937, at which time they vacated the property and moved to St. Louis. The petitioner rented the property as a single dwelling from April 1937 to May 1941, at a monthly rental originally fixed at $125 but later reduced to $100. The property was rented on a month-to-month basis. During the rental period of the property the petitioner deducted depreciation on the building in the total amount of $1,342.87, which deductions were allowed by the respondent. Expenditures for upkeep amounted to $150 in 1939 and $135 in 1940. The property was for sale during the entire period that it was devoted to rental purposes and the petitioner so advised several real estate agents in the city of Philadelphia. The property was listed with three different agents. The *23 petitioner made from six to eight trips per year to New York on business for his employer. While on such trips he visited Philadelphia for the purpose of conferring with real estate agents and attending to necessary repairs on the property. He spent approximately an afternoon in Philadelphia on each such trip. He made no special trips from St. Louis to Philadelphia for the purpose of attending to the property. As of April 1937, the date on which the property was converted to rental purposes, its fair market value was $15,000, allocated on the basis of $3,000 for the land and $12,000 for the building. On May 22, 1941, the petitioner sold the property for $8,500, of which $2,249.10 is allocable to the land and $6,250.90 to the building. During the taxable year 1941 the income of petitioner consisted of salary of approximately $31,000 and miscellaneous dividends of $750. Since about 1931 the petitioner's principal source of income has been his personal services as a department store executive. Except for the property hereinabove described, petitioner has owned no other real estate, income-producing or otherwise, and except for the sale of the Pennsylvania property in 1941, petitioner *24 has engaged in no real estate transaction. On his return for 1941 the petitioner deducted in full the loss sustained on the sale of the property to the extent allocable to the improvements thereon. The respondent determined that such loss was limited in its deductibility by the provisions of section 117 of the Internal Revenue Code and asserted the above-mentioned deficiency. Opinion VAN FOSSAN, Judge: The sole question for our decision is whether or not the petitioner is entitled to deduct in full the loss sustained on the sale in 1941 of property devoted to rental purposes. The question is limited to that part of the loss allocable to the improvements on the land. The petitioner concedes that the portion of the loss allocable to the land is a capital loss. The petitioner contends that the loss in question is deductible in full as an ordinary loss under section 23 (e) of the Internal Revenue Code. The respondent has determined, and here contends, that the petitioner sustained a loss on the sale of a capital asset, the deductibility of which is limited by the provisions of section 117 of the Code. Section 117 (a) (1) of the *25 Code, so far as is here material, defines the term "capital asset" as follows: * * * property held by the taxpayer (whether or not connected with his trade or business), but does not include * * * property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1) * * *. Section 23 (1) provides in material part, as follows: SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * * * *
(1) Depreciation. - A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income. The petitioner contends that the property was "used in the trade or business" within the ambit of the above sections; that it, therefore did not constitute a capital asset; and that the loss on the sale thereof is deductible in full. The facts are not in dispute. They show that the petitioner purchased the property in 1926 and used it as a residence until 1937. At that time he moved to St. Louis and ceased to use the property for residential purposes. He thereupon converted the property to rental uses *26 and succeeded in having it occupied by tenants almost continuously from that time until 1941, when the property was sold. During 1939 and 1940 the petitioner incurred expenses for repairs and maintenance of the property. He made six to eight trips per year to New York on business and on each such trip he spent an average of one-half day in Philadelphia for the purpose of inspecting the property and consulting with agents with whom the property was listed for sale. During the rental period of the property the petitioner deducted depreciation on the building in the total amount of $1,342.87, which deductions were allowed by the respondent. Such facts, we think render the instant case indistinguishable in principle from that of John D. Fackler, 45 B.T.A. 708, affirmed 133 Fed. (2d) 509. In that case it was held that property devoted to rental purposes was not a capital asset and that the gain on the sale thereof was taxable in full as ordinary gain. In so deciding, the Board of Tax Appeals said: The rule deducible from the above decisions [a number of decisions had been cited] is that, where the owner of depreciable property devotes it to rental purposes *27 and exclusively to the production of taxable income, the property is used by him in a trade or business and depreciation is allowable thereon. * * * The fact that the property in the Fackler case had never been devoted to residential purposes in no way vitiates the application of the rule therein expressed to the present facts. The cases of W. B. Brooks, 12 B.T.A. 31, affirmed 35 Fed. (2d) 178; Walter J. Ball, et al., Co-executors, 8 B.T.A. 180; Joseph F. Cullman, Jr., 16 B.T.A. 991; Edward L. Parker, 19 B.T.A. 171, and Edwin Vosburgh, 23 B.T.A. 780, cited in the Fackler case and forming the basis for the rule above quoted, all involved residential property which, prior to the time of its sale, had been converted to rental purposes. See also Heiner v. Tindle [and Union Tr. Co. of Pittsburgh] 276 U.S. 582. The respondent does not question the fact that the property here involved was depreciable. It follows, therefore, that such property does not fall within the definition of "capital assets" contained in section 117 (a) (1) and that the petitioner's loss on the sale thereof is an ordinary *28 loss and deductible in full. Decision will be entered under Rule 50.